

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| Timothy Leon Morris | * | CIV 02-4175 |
|  | * | CR 97-40010 |
| Plaintiff, | * |  |
|  | * | MEMORANDUM OPINION |
| -vs- | * | AND ORDER |
|  | * |  |
| UNITED STATES OF AMERICA, | * |  |
|  | * |  |
| Respondent. | * |  |
|  | * |  |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Timothy Leon Morris has filed a petition for a writ of *audita querela* challenging his conviction (Doc. 133). Morris seeks relief on the ground that a defense is now available that was not available at the time of trial.

**Background**

On February 14, 1997, Morris was indicted in the United States District Court for the District of South Dakota with one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). A superseding indictment was filed on April 9, 1997, charging Morris with one count of possession with intent to distribute amphetamine and one count of possession with intent to distribute methamphetamine. A jury trial commenced on July 15, 1997, before Senior

United States District Court Judge John B. Jones. At trial, Roger Mathison, an analytical chemist for the South Dakota Health Laboratory, and Roger Ruelster of the DEA testified to the substances found in Morris's possession as being either parts methamphetamine or amphetamine. Defense counsel had the opportunity to cross-examine both witnesses. On July 16, 1997, following a jury trial, Morris was convicted of one count of possession with intent to distribute amphetamine and one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Subsequently, on October 30, 1997, the Honorable John B. Jones sentenced Morris to serve 240 months in prison, pay a fine of $3,000, and to serve a period of supervised release of ten years. Morris appealed his conviction to the Eighth Circuit Court of Appeals, and the Court affirmed Morris's conviction and sentence in an unpublished opinion on June 5, 1998. *United States v. Morris*, 1998 WL 327297 (8th Cir. 1998). The Supreme Court denied Morris's petition for certiorari on February 22, 1999. On May 11, 1999, Judge Jones denied several motions filed by Morris, one of which was construed as a motion pursuant to 28 U.S.C. § 2255. Morris's motion to Vacate, Correct, or Set Aside his sentence pursuant to 28 U.S.C. § 2255 was denied by this Court on January 7, 2003.[1] No certificate of appealability was issued. Morris filed a motion for reconsideration on January 24, 2003, which was denied on January 29, 2003. He appealed to the Eighth Circuit Court of Appeals on July 17, 2003, and was ultimately denied a petition for rehearing and a certificate of appealability. Morris filed a petition for writ of certiorari on October 1, 2003, and was denied by the United States Supreme Court on November 17, 2003.

Morris filed the present petition for a writ of *audita querela* on March 1, 2010.

### Discussion

Morris argues that this Court may vacate his criminal conviction or sentence, pursuant to a writ of *audita querela,* because he has obtained "new evidence" that did not exist at the time judgment was rendered. Morris claims that the copies of DEA and South Dakota Health Lab test results that he received in June 2001 demonstrate that the substances at issue in his trial were not amphetamine or methamphetamine. Morris further contends that it was impossible for the jury to

---

[1] Morris's motion pursuant to 28 U.S.C. § 2255 was presented to this Court as Judge Jones was unavailable to consider the motion. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(a).

reasonably judge the legitimacy of the testing methods or test results on which the testifying experts based their conclusions because the defense did not have the opportunity to challenge the nature of the standards employed or to question the variance in those results from the results of other similar tests and nationally recognized standards.

A writ of *audita querela* was used throughout history to obtain relief from a judgment due to evidence or legal theories discovered after the judgment was rendered. See BLACK'S LAW DICTIONARY 141 (8th ed. 2004). Historically, a writ of *audita querela* primarily existed as a remedy for judgment debtors. *United States v. Holt,* 417 F.3d 1172 (11th Cir. 2005). In the civil context, the writ of *audita querela* has been superseded by the Federal Rules of Civil Procedure.[2] It has, however, been recognized in some jurisdictions as a remedy for criminal convictions. *See Holt,* 417 F.3d at 1174; *United States .v Ayala,* 894 F.2d 425, 428 (D.C.Cir. 1990).

The authority of federal courts to recognize common law postconviction remedies is governed by the Supreme Court's decision in *United States v. Morgan,* 346 U.S. 502 (1954). In *Morgan,* the Court held that a federal prisoner may collaterally attack his conviction using the common law writ of coram nobis, and it rejected the contention that 28 U.S.C. § 2255 provides the exclusive remedy for a prisoner to obtain postconviction *habeas corpus* relief in all circumstances. *Id,* 346 U.S at 510-511. However, while *Morgan* may have taught "that federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law," *Ayala,* 894 F.2d at 428, the writ of *audita querela* is not available to challenge a rendered sentence when other cognizable remedies exist. *United States v. Feist,* 346 Fed.Appx. 127 (8th Cir. 2009) (unpublished opinion). *See also United States v. Kimberlin,* 675 F.2d 866 (7th Cir. 1982) (Court affirmed district court's denial of defendant's motion for writ of *audita querela*, which defendant had filed after district court denied defendant's § 2255 motion attacking lawfulness of sentence); *Holt,* 417 F.3d 1172, 1175 (A writ of *audita querela* may not be granted when relief is cognizable under § 2255); *In re Rushing-Floyd,* 62 Fed.Appx. 64, 65 (4th Cir. 2003) (per curiam);

---

[2] Writs of coram nobis, coram vobis, *audita querela*, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action. Fed.R.Civ.P. 60(b).

*United States v. Banda,* 1 F.3d 354, 356 (5th Cir. 1993).

In accordance with these authorities, this Court holds that a writ of *audita querela* may not be granted when relief is cognizable under § 2255. Because, in the instant case, Morris is collaterally attacking his sentence as violating the United States Constitution, the proper avenue of relief is § 2255. While *audita querela* relief may be afforded "if a criminal defendant could show that [such] relief...was necessary to plug a gap in the system of federal postconviction remedies," *Kimberlin,* 675 F.2d at 869, in the present case it has not been shown that such a gap exists. Nothing has occurred subsequent to Morris's conviction that creates a legal objection to his conviction, such as might be redressable by a writ of *audita querela.*

It should also be noted that Morris's argument regarding the illegitimacy of the testing methods and results is not supported by legal authority. Under Federal Rule of Evidence 703, testifying experts may base an opinion or inference upon facts or data made known to the expert before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence, much less admitted into evidence, for the opinion or inference to be admitted. Fed.R.Evid. 703. The DEA tests and South Dakota Health Lab results are of a type reasonably relied upon by experts in their particular fields in forming inferences upon the nature of chemical substances. The fact that Morris finds the results inconclusive is insufficient evidence to support a legal objection.

Because Morris is proceeding *pro se*, we may liberally construe his *audita querela* motion as a §2255 motion. *Holt,* 417 F.3d at 1175, *citing Sanders v. United States,* 113 F.3d 184, 187 (11th Cir. 1997) (per curiam) (noting that a pro se motion should be liberally construed to afford review on any "legally justifiable base"). However, Morris already filed a motion under 28 U.S.C. § 2255 that was denied by this Court on January 7, 2003. Without a pre-authorization order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive §2255 motion. *Diaz-Diaz v. United States,* 297 Fed.Appx. 574 (8th Cir. 2008). The writ of *audita querela* cannot be invoked simply to enable a defendant to file a § 2255 motion without complying with the rules governing such motions, or to file a second § 2255 without the requisite permission of the Court of Appeals. *Holt,* 417 F.3d at 1175; *see also United States v. Echols,* 241 Fed.Appx. 355, 356 (8th Cir. 2007). As a certificate of appealability has not been issued, but in fact denied by the Eighth

Circuit Court of Appeals on January 29, 2003, Morris's present motion must be denied.

It should also be noted that just because a second § 2255 motion is unavailable to Harrison, that does not support the use of a writ of *audita querela* as a substitute. A "§ 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied, or because [a prisoner] has been denied permission to file a second or successive § 2255 motion." *Perez v. Rochester,* 286 F.3d 1059, 1062 (8th Cir. 2002).

Additionally, Morris's argument that *Melendez-Diaz v. Massachusetts,* 129 S.Ct. 2527 (2009), and *Crawford v. Washington,* 541 U.S. 36 (2004), require that defendants have the opportunity to confront, in court, the experts that perform tests and to see the test results on which other experts base their testimony, is incorrect.

In *Melendez-Diaz* the Supreme Court applied *Crawford* to preclude the admission into evidence of certificates of analysis detailing the results of forensic testing performed on seized cocaine. 129 S.Ct. at 2542. The Court specified that it was not holding "that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or accuracy of the testing device, must appear in person as part of the prosecution's case." *Id.* at 2532 n. 1. Moreover, *Melendez-Diaz* did not dispose of Federal Rule of Evidence 703. In the present case, unlike in *Melendez-Diaz,* the DEA test at hand was not admitted into evidence nor presented to the jury in the form of a sworn afffidavit. Instead, Mathison and Ruelster testified as expert witnesses, presenting their independent judgments and expertise regarding the substances in question to the jury, subject to cross-examination by the defendant. Similarly, while *Crawford* forbids the introduction of testimonial hearsay as evidence, it in no way prevents expert witnesses from offering their independent judgments merely because those judgments were in some part formed by their exposure to otherwise inadmissible evidence. *United States v. Johnson,* 587 F.3d 625, 635 (4th Cir. 2009). An expert witness's reliance on evidence that *Crawford* would bar if offered directly only becomes a problem where the witness is used as little more than a conduit or transmitter for testimonial hearsay. *Id.* At trial, Mathison and Ruelster were not mere conduits or transmitters for testimonial hearsay, but presented their independent judgments and specialized understanding to the jury regarding the substances found in Morris's possession. Furthermore, the experts in this case were subject to cross-examination, as required by the Confrontation Clause.

**Conclusion**

Based on the foregoing discussion, it is the conclusion of the Court that Morris's motion for a writ of *audita querela* must be denied. A writ of *audita querela* may not be granted when relief is cognizable under 28 U.S.C. § 2255, as it is in the instant case. Furthermore, construing Morris's motion as one made pursuant to § 2255, the Court finds that he has failed to obtain the requisite certificate of appealability from the Court of Appeals authorizing the Court to consider a second or successive motion for relief. Accordingly, the petition for a writ of *audita querela* is DENIED.

Dated this 29th day of April, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
Deputy